**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**LEOPOLDO CARMONA**,

                             **Plaintiff,**

              **v.**                                    **Civil No. 9:02-CV-884**

              **(GLS) (DEP)**
**LESTER N. WRIGHT, _et. al.,_**

                             **Defendants.**

**APPEARANCES:**                              **OF COUNSEL:**

**FOR PLAINTIFF:**

LEOPOLDO CARMONA
_Pro Se_
Republica Dominican
Santo Domingo
Andres Boca Chi Ca, Apt #19
Calle Sanchez

**FOR DEFENDANTS:**

HON. ELIOT SPITZER                  CHRISTOPHER W. HALL, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

**Memorandum-Decision and Order**

## I. Introduction

Defendants Lester N. Wright *et. al.* (collectively, "Wright") object to
the refusal of Magistrate Judge David E. Peebles to recommend dismissal
of a complaint as a sanction for deposition abuse.  *See Dkt. Nos. 69
("Peebles Order"), 70 (Wright Objections)*; *see also* 28 U.S.C. §
636(b)(1)(A), FED. R. CIV. P. 72(a); L.R. 72.1(b).  Given the dual constraints
imposed by Wright's limited objection and the standard of review, the
objection is denied because the Peebles Order is not clearly erroneous or
contrary to law.  However, the district court referral to Judge Peebles is
rescinded, and future proceedings are subject to this court's accompanying
order.  Plaintiff Leopoldo Carmona must comply with the terms and
conditions of the order, or his amended complaint will be dismissed.

## II. Facts

On July 25, 2002, Carmona, an inmate in a New York State
correctional facility, filed a civil rights action alleging that Wright improperly
disclosed mental health information and that he was deliberately indifferent
to Carmona's medical needs.  *See Compl. and Amend. Compl., Dkt. Nos.*

2

*1, 29; see also* 42 U.S.C. § 1983.  By local rule, the action was co-assigned to District Judge Lawrence E. Kahn and Magistrate Judge David E. Peebles, and Judge Kahn referred the case to Judge Peebles to review applications and motions, and otherwise manage the litigation.[1]  *See* L. R. 72.3(c), 28 U.S.C. § 636(a) & (b)(1)(B) & (C), and FED. R. CIV. P. 16.

On December 3, 2002, Judge Peebles issued a scheduling order setting discovery and dispositive motion deadlines.  Those deadlines were stayed when Carmona moved to amend his complaint, and were reset in October 2003, with a discovery deadline of February 28, 2004.  *See Dkt. No. 52*.  In the interim, Carmona's place of incarceration changed several times, and as of August 2003, he was housed in Pennsylvania's Pike County Prison.  *See Dkt. No. 49.*

While the record is unclear, it appears that Carmona was an illegal alien when he filed his action.  Subsequently, he was released from New York's custody, but detained in connection with immigration removal proceedings.  Later, he was apparently released on an immigration bond, and then filed a notice with Wright on October 24, 2003, indicating a

---

[1]On March 5, 2004, the case was reassigned from Judge Kahn to this court.

3

Brooklyn, New York address.[2]  *See Dkt. No. 53.*

On January 26, 2004, Wright wrote Carmona in Brooklyn, noticed his deposition for February 13, 2004, and requested that he produce all documents related to his civil rights allegations.  The letter provided contact information if Carmona needed to reschedule.  Carmona failed to contact defense counsel or appear.  *See Dkt. No. 53.*  Accordingly, on February 24, 2004, Wright sought an order from Judge Peebles compelling Carmona's deposition.  In his request, Wright sought a firm deposition date of March 23, together with a judicial warning that Carmona's failure to appear would result in dismissal of his complaint.  *See id.*  In response, Judge Peebles issued an order on March 1, 2004, scheduling a telephone conference "to address plaintiff's alleged failure to cooperate with defendants' legitimate efforts to obtain pretrial discovery ...."  *See Peebles Ord., Dkt. No. 54 at 2.*

On the day that Judge Peebles issued his order, Carmona filed another notice indicating that he now resided in the Dominican Republic.  *See Dkt. No. 56.*  Consequently, Judge Peebles issued an order to show cause rescheduling the telephone conference and further providing, *inter*

---

[2]The docket also reflects that the court rejected Carmona's request for a stay of deportation in October 2003.  *See Dkt. No. 50.*

4

*alia*:

> The purpose of the conference will be to address defendants' request that plaintiff be required to appear within the Northern District of New York for deposition ... and ... whether plaintiff intends to conscientiously prosecute his claims ... and comply with the Federal Rules of Civil Procedure and the local rules ...
>
> Plaintiff is admonished that in the event of his failure to fully comply with this order and to make himself available for the scheduled telephone conference, it is my intention to issue a recommendation to District Judge Gary L. Sharpe ... that plaintiff's case be dismissed for failure to prosecute and failure to comply with this court's legitimate directives ...

*Peebles Ord., Dkt. No. 59.*

On April 20, 2004, Judge Peebles conducted the conference, and Carmona appeared by telephone from the Dominican Republic. *See Dkt. No. 61.* Carmona told Judge Peebles that he had been deported, but that he intended "to seek asylum back into the United States so that he could pursue his law suit." *Id.* Judge Peebles told Carmona that he would give him time to pursue his asylum application within the constraints of new deadlines, and that he would issue an order compelling Carmona to appear for deposition four months later in Albany, New York. *Id.* He then issued a scheduling order setting an August 31 discovery cut-off date and a November 30, 2004, motion filing deadline. *See Dkt. No. 62.* He also

5

issued a compulsion order, stating:

> Based upon the circumstances presented to the court and discussed during a telephone conference ... it is hereby
> ORDERED, that the plaintiff ... shall appear for deposition ... in person on August 18, 2004 ... in Albany, New York.  As discussed during the conference, plaintiff is hereby advised that his failure to comply with this order and to demonstrate his ability to pursue this action and meet all of the applicable requirements of the Federal Rules of Civil Procedure and this court's rules will result in my issuance of a recommendation ... that plaintiff's complaint be dismissed, with prejudice, for failure to prosecute ....

*Peebles Ord., Dkt. No. 63.*  The minutes of the conference, the actual language of Judge Peebles's order, and the record below are silent regarding Carmona's proffered excuse for failing to appear for the earlier deposition.

On July 16, Carmona filed a discovery extension request that was later denied by Judge Peebles.  *See Dkt. No. 65.*  Carmona's request resulted from his inability to reenter the United States in order to appear for his deposition.  He claimed that he was then represented by attorney Salvador Justo on immigration matters only, and that he was on the "wait list to receive visa category T" which would permit his reentry in order to prosecute his action.  *Id.*  On August 21, Wright wrote Judge Peebles, told him that Carmona had failed to appear for the ordered deposition, and

6

requested that the court do what it had warned Carmona it would do if he failed to comply; namely, issue a recommendation that the case be dismissed with prejudice. *See Dkt. No. 66.* Rather than issue the recommendation, Judge Peebles granted Wright permission to move for sanctions. *See Dkt. No. 67*.

On November 18, 2004, Wright filed his sanctions motion seeking dismissal for failure to prosecute and for failure to comply with the court-ordered deposition. *See Dkt. No. 68.* In his notice of motion, Wright warned Carmona that "the non-moving party's failure to file or serve papers as required by this Rule shall be deemed as consent to the granting of the motion, unless good cause is shown." *See id., Not. Mot. at 2*.[3] Carmona failed to respond to the motion.

On January 31, 2005, Judge Peebles issued the order which is the subject of this appeal, and denied the defendants' motion. *See Peebles Ord., Dkt. No. 69.* Noting significant reservations regarding Carmona's ability to prosecute his action, Judge Peebles nonetheless found dismissal an unduly harsh sanction under the circumstances. *Id. at p. 2.* As Judge

---

[3]At the request of the Northern District's Board of Judges, this warning is routinely included in moving papers filed by the New York State Attorney General who usually represents the defendants in prison litigation. The warning parrots L.R. 7.1(b)(3), and is designed as one more means to warn *pro se* litigants of the consequences of failing to comply with the rules.

Peebles documented, there were ample grounds to recommend dismissal as a sanction because Carmona failed to comply with the deposition requests and other orders, and because he failed to respond to the motion. *Id. at 5-6*; *see also* FED. R. CIV. P. 37(b)(2)(c) & (d); L. R. 7.1(b)(3).   Given Carmona's express wish to continue his litigation, Judge Peebles concluded that dismissal was harsh, especially since Wright could conduct a deposition on written questions, telephonically, or in person when Carmona appeared for trial.  *Id. at 6-7*.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Wright objected to Judge Peebles's decision.  *See Dkt. No. 70*; *see also* L. R. 72.1(b).  While Wright generally complied with Local Rule 72.1(b), he failed to *specifically* designate that part of Judge Peebles's order that was the subject of his appeal.  It is clear from his submission, however, that he challenges Judge Peebles's refusal to issue a report recommending dismissal as a discovery sanction.  While he argues that Judge Peebles' deposition alternatives are prejudicial, he does not cite those alternatives as error, nor does he cite Judge Peebles's refusal to recommend dismissal on the basis of Carmona's failure to prosecute or other failures.  *See Wright Appeal, Dkt. No. 70*.  Just as Carmona failed to respond to Wright's

8

earlier motion for sanctions, he failed to respond to Wright's appeal.[4]   **III.**

**Analysis**

In order to resolve Wright's objection, the court must apply a limited

standard of review and decide whether Judge Peebles abused his

discretionary authority to impose sanctions.

A.  **The Magistrate Judge's Authority to Sanction**

Careful review of Judge Peebles's order reveals that he confronted

multiple issues, including:  (1) Carmona's failure to appear for a properly

noticed deposition, and his subsequent failure to comply with a compulsion

order; (2) Carmona's failure to obey other court orders, including

scheduling orders; (3) Carmona's failure to prosecute; (4) Carmona's

violation of this district's local rule requiring him to respond to Wright's

motion;[5] and (5) the imposition of appropriate sanctions given Carmona's

multiple failures.

With the discovery deadline looming, Wright properly noticed

---

[4]On March 7, 2005, the court received a brief letter on blank stationary from someone identifying herself as a "legal rep on behalf of Mr. Cardona." (*sic.*)  *See Dkt. No. 71.*  The letter requested that Wright's objection be denied.  The court rejected the letter as an unauthorized *ex parte* submission because no one had filed a notice of appearance on Mr. Carmona's behalf, nor did the "legal rep" purport to be an attorney.  Furthermore, the submission was untimely.

[5]Carmona also failed to respond to this appeal which, obviously, was not an issue before Judge Peebles.

9

Carmona's deposition, and requested that he produce documents supporting the allegations in his complaint.  *See* FED. R. CIV. P. 30(a)(1) & (b)(1)(5).  When Carmona unexplainedly failed to appear, Wright sought orders compelling the deposition and extending the discovery deadline.  *See* FED. R. CIV. P. 16(e), 37(d).  After consulting Carmona, Judge Peebles told him that he would give him four months to resolve his immigration problems and conduct his deposition.  Accordingly, a new scheduling order was issued extending the discovery and motion deadlines by four months.  Simultaneously, Judge Peebles issued a compulsion order requiring Carmona's appearance in Albany, New York for deposition on August 18.  Carmona was specifically warned that if he failed to appear, failed to demonstrate his ability to pursue his action, or failed to meet the requirements of the federal and local rules, a report would be forthcoming recommending that his case be dismissed for failure to prosecute.  Carmona's failure to appear for the original deposition, and his failure to comply with the order compelling his deposition constituted sanctionable conduct.  Carmona also failed to comply with the revised scheduling order and local rules, and failed to demonstrate his ability to pursue his action.  Each of those failures constituted sanctionable conduct (*see* FED. R. CIV. P.

16(f), 37(a)(4), (b)(2) and (d), 41(b); L. R. 7.1(b)(3), 41.2(a)), especially since Carmona received repeated written and verbal reminders of his obligations together with warnings concerning the consequences if he failed to comply.  Under the circumstances, sanctions were authorized.

As to deposition abuse and the compulsion order, Rule 37 of the Federal Rules of Civil Procedure governs.  *See Societe Internationale Pour Publications Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958); *Independent Productions Corp. v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960).  Judge Peebles could have held Carmona in contempt, ordered certain facts established, precluded Carmona from supporting or opposing claims or defenses, stricken pleadings, or dismissed the action, and assessed attorneys fees and expenses.  FED. R. CIV. P. 37(b)(2) & (d).  The same sanctions could have been applied to Carmona's failure to obey scheduling orders.  *See* FED. R. CIV. P. 16(f).  On the other hand, involuntary dismissal is a specific sanction for the failure to prosecute, or to comply with rules and court orders, and could have been imposed pursuant to Rule 41 itself, or by virtue of the court's inherent power to sanction.  *See* FED. R. CIV. P. 41(b); *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (failure to prosecute); *Lucas v. Miles*, 84 F.3d 532, 534-

11

35 (2d Cir. 1996) (failure to comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (inherent power); *Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) (inherent power) .

By local rule, dismissal was an option given Carmona's failure to respond to the motion to compel and given his failure to abide by court orders.  Specifically, Local Rule 7.1(b)(3) provides:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

So too, Local Rule 41.2(a) parallels Federal Rule 41, and authorizes dismissal as a sanction for the failure to prosecute.  *Pro se* litigants must comply with local rules, and the failure to do so is sanctionable.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (sanctions); *see also Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); FED. R. CIV. P. 83(a)(b) (authority of local rules).

Although Rule 37 sanctions are subject to broad judicial discretion, the court should make a clear statement as to the particular sanction selected.  *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites*

12

*de Guinee*, 456 U.S. 694, 707 (1982); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).  All sanctions are limited, however, by the demands of justice, and the most drastic sanctions should be imposed for flagrant conduct.  Therefore, a sanction such as dismissal should be reserved for faults that are flagrant, intentional and willful.  *See Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997); *compare Bambu Sales, Inc. v. Ozark Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (entry of default as a sanction).  Where deposition abuse is accompanied by willfulness and bad faith, dismissal is an appropriate sanction.  *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *London v. SCP Communications, Inc.*, 177 F.R.D. 196, 200 (S.D.N.Y. 1998).  Sanctions imposed pursuant to Rule 41(b) or the court's inherent authority are also discretionary.  *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

## B.  The Standard of Review

The standard governing review of Judge Peebles's order is critical to the disposition of Wright's objection, and alternative standards apply depending on whether the order was dispositive or nondispositive.  If dispositive, the order is reviewed "*de novo*," and if non-dispositive, it is

13

reviewed to determine whether it is "clearly erroneous or contrary to law."
*Compare* FED. R. CIV. P. 72(a) & (b); 28 U.S.C. § 636(b)(1)(A) & (b)(1)(C);
L.R. 72.1(b) & 72.1(c).

*De novo* review requires that the court "'give fresh consideration to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (citing H.R. Rep. No. 94-1609, 94th Cong., 1st Sess. p. 3 (1976), U.S. Code Cong. & Admin. News 1976, p. 6163); *see also* 12 Charles Alan Wright *et. al.*, *Federal Practice and Procedure* § 3070.2 (2d ed. 1997).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R. J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y.

14

2000).

Because the nondispositive review standard is highly deferential,

magistrate judges have broad discretion to regulate nondispositive matters,

and reversal is warranted only if that discretion is abused. *See American*

*Stock Exchange*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002).  Although legal

authority may support an objection, the critical inquiry is whether there is

legal authority that supports the magistrate's conclusion, in which case

there is no abuse of discretion.  See *Tompkins*, 92 F. Supp. 2d at 79.  That

reasonable minds may differ on the wisdom of a legal conclusion does not

mean it is clearly erroneous or contrary to law.  *See Moss v. Enlarged City*

*School District of the City of Amsterdam*, 166 F.Supp.2d 668, 670

(N.D.N.Y. 2001).

A magistrate judge is statutorily authorized to issue orders regarding

nondispositive matters, *see* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc.*

*v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990), and that authority has

been specifically delegated to this district's Magistrate Judges by local

rules.  *See*  L.R. 72.1 & 72.3(c).  A nondispositive order is one which does

not terminate claims or otherwise preclude consideration of the merits of

those claims.  §636(b)(1)(A) identifies dispositive matters, and anything not

15

included is nondispositive by default.  *See Tompkins*, 92 F. Supp. 2d at 74.

"Pretrial matters involving discovery are generally considered non-dispositive[.]" *See Thomas E. Hoar*, 900 F.2d at 525; *Tompkins*, 92 F. Supp. 2d at 74; *Hasbrouck v. America Housing Services, Inc.*, 190 F.R.D. 42 (N.D.N.Y. 1999); *Doe v. Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995). Sanctions for discovery violations are generally non-dispositive matters unless the sanction employed disposes of a claim; e.g., striking pleadings with prejudice, or dismissal.  *Thomas E. Hoar,* 900 F.2d at 525.

Here, Judge Peebles's order declined to file a report recommending a dispositive result; namely, dismissal.  Accordingly, it is nondispositive, and Wright's limited objection regarding deposition abuse is meritorious only if the order is clearly erroneous or contrary to law.  Since the imposition of a particular sanction, or any sanction whatsoever, is discretionary, Judge Peebles did not abuse his discretion by declining to dismiss.  Accordingly, Wright's objection is denied.  It is almost axiomatic that judges do not relish the prospect of sanctions, and often avoid them like the plague.  While Judge Peebles would have been amply justified if he recommended dismissal, this court cannot conclude that he abused his discretion by failing to do so.

16

## IV.  **Withdrawal of the Referral to the Magistrate Judge**

The Federal Magistrates Act was designed to provide district courts
with much needed assistance.  *See Thomas v. Arn*, 474 U.S. 140, 148
(1985).  Because this district has the utmost respect for the highly
credentialed professionals who occupy the Magistrate Judge positions, it
has elected to refer all civil litigation to them for purposes of pretrial
management.  *See* L.R. 16.1(b), 40.1, 72.2(a), 72.3(a) & (c); *see also*
General Order #12.  However, the district court ultimately retains
jurisdiction, *see Thomas v. Arn* at 154, and may rescind a referral.

Despite ample reason to do so, Judge Peebles declined to
recommend dismissal because he believed that Wright's interests could be
satisfied by a written or telephonic deposition of Carmona, or one
conducted in person shortly before trial.  *See Peebles Order* at 6-7.  This
court is not persuaded that such alternatives satisfy Wright's interests or
those of justice under the circumstances.  Wright is certainly correct that a
written or telephonic deposition is subject to severe and costly limitations.
*See Objections, Dkt. No. 70* at 5.  The entire problem could have been
avoided had Carmona heeded any one of multiple orders requiring
compliance.  Moreover, and especially in prisoner litigation, disposition is

17

often resolved, or issues at least narrowed, by a motion for summary

judgment, thus saving the parties and the court the expense and time of

unwarranted trial litigation.  Absent a plaintiff's deposition, such a motion is

frequently impossible.  So too, all parties are responsible for expediting the

resolution of a case, thus avoiding witness memory lapses and other

problems occasioned by delay.  And lastly, civil litigation is not a

negotiation tool for immigration problems.

       As the facts amply demonstrate, Carmona has flagrantly, intentionally

and willfully failed to abide by numerous court orders, and federal and local

rules, including: his failure to appear for properly noticed depositions; his

failure to abide by compulsion orders; his failure to abide by scheduling

orders; his failure to respond to Wright's sanctions motion; his failure to

respond to Wright's objection to the order under consideration; and his

failure to prosecute his action.  He has received repeated warnings

concerning the consequences of his failures, and has ignored those

warnings.  His case was filed in July 2002, Judge Peebles's order required

his presence in August 2004, and more than two years has since elapsed

with no response to Wright's objection or any effort to prosecute the case.

Because of his repeated failures, the court rescinds the referral to

Magistrate Judge Peebles and issues a final warning to Carmona that his action will be dismissed if he fails to comply with the order accompanying this decision.

## IV. **Conclusion**

Based upon the foregoing, it is hereby

**ORDERED** that the objection (Dkt. No. 72) of defendants, **Lester N. Wright _et. al._**, from the order of Magistrate Judge David E. Peebles (Dkt. No. 69) is **DENIED**; and it is further

**ORDERED** that the referral to Magistrate Judge David E. Peebles is hereby **RESCINDED**, all further proceedings will be conducted by this court, and the Clerk is directed to enter the recision on the docket; and it is further

**ORDERED** that the order of Magistrate Judge David E. Peebles (Dkt. No. 69) is hereby **RESCINDED** to the extent that it requires the defendants to depose Carmona on written questions, telephonically, or in person at the time of trial; and it is further

**ORDERED** that **Leopoldo Carmona SHALL** file an affidavit with the court within **Thirty (30) days of the date of this order**, and serve a copy on opposing counsel, notifying the court of the following:

19

1.  A day certain on or before **April 21, 2006**, when he will appear for deposition in Albany, New York; and

2.  Legal or equitable reasons as to why he cannot comply or why this court should refrain from dismissing his lawsuit as a sanction for his flagrant, intentional and willful failure to obey prior court orders, and the federal and local rules; and it is further

**ORDERED** that the Clerk of Court serve a copy of this Memorandum-Decision and Order on the parties by regular mail, and return this file to the court for its *sua sponte* review thirty (30) days from the date of this order.

**SO ORDERED.**

**Date:  January 25, 2006**
       **Albany, New York**

Gary L. Sharpe
U.S. District Judge

20